IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 1:12-cr-080 (RBW) |
| v. | |
| BIOMET, INC. | |

## STATUS REPORT

The government submits this report in response to the Court's March 8, 2016 Order requesting that the government inform the Court of the status of this case.

1. On March 26, 2012, Biomet, Inc. ("Biomet"), entered into a Deferred Prosecution Agreement ("DPA") with the government. As a part of the DPA, Biomet admitted, accepted and acknowledged that it was responsible for the acts of its officers, employees and agents, and wholly owned subsidiaries, as set forth in the Statement of Facts attached to the DPA and that the allegations described in the Information and the facts described in the Statement of Facts were true and accurate. Pursuant to the terms of the DPA, the government agreed to defer prosecution of Biomet if the company satisfied its obligations under the DPA, including the obligation to implement and maintain a compliance and ethics program designed to prevent and detect violations of the Foreign Corrupt Practices Act, 15 U.S.C. §§ 78dd-1, *et seq.* (the "FCPA") and other applicable anti-corruption laws throughout its operations. (DPA, ¶ 7.) The DPA had a three-year term and could be extended for up to one year if the government determined, in its sole discretion, that Biomet had knowingly violated any provisions of the DPA. (*Id.*, ¶ 2.) Biomet also agreed that an independent compliance monitor would review Biomet's compliance program to determine

whether it was reasonably designed and implemented to detect and prevent violations of the anti-corruption laws and was functioning effectively.  (*Id.*, Attach. D ¶ 8.)

2. In April 2014, Zimmer Holdings, Inc. and Biomet's parent company announced that their respective Boards of Directors had approved an agreement under which Zimmer would acquire Biomet in a cash and stock transaction.  The acquisition was completed on June 24, 2015, with Zimmer Biomet Holdings, Inc. ("Zimmer Biomet"), through its subsidiaries, now owning all of Biomet's shares.

3. In July 2014, Biomet publicly disclosed that it learned of alleged misconduct regarding its operations in Brazil and Mexico, including allegations that predated the entry of the DPA, and that the company had retained counsel and other experts to investigate both matters. Biomet also publicly disclosed that it had disclosed these allegations to the government.

4. On March 13, 2015, the government informed Biomet that the DPA and the independent compliance monitor's appointment, which were set to expire on March 26, 2015, would be extended for one additional year.  The government determined that a one-year extension of the DPA and monitorship was appropriate in light of two circumstances.  First, the independent compliance monitor had reported that he could not certify that Biomet's compliance and ethics program met the standards contemplated by the DPA.  Second, as discussed above, Biomet was continuing to investigate the alleged misconduct in Brazil and Mexico.

5. The DPA, as extended, is set to expire on March 26, 2016.  The government continues to evaluate the alleged misconduct in Mexico and Brazil, as well as any issues relating to Biomet's compliance program.  The government expects to receive a report from the independent compliance monitor on or before March 25, 2016. The government and Biomet have agreed that the government shall have until April 15, 2016, to determine whether Biomet has

breached the DPA and to notify Biomet of its determination.  Biomet shall have until May 9, 2016, to respond to any such notification.

      6.    After the government receives the independent compliance monitor's report and consults with Biomet, it will file another status report to update the Court and address, among other things, the need for any hearings or any other relief on this matter.  At this time, the government does not seek any hearings or any other relief on this matter.

    Respectfully submitted,

    ANDREW WEISSMANN
    U.S. DEPARTMENT OF JUSTICE
    CHIEF, FRAUD SECTION

    _____
    BY: s/John W. Borchert (DC No. 472824)
    Trial Attorney
    U.S. Department of Justice
    Criminal Division, Fraud Section
    1400 New York Avenue, NW
    Bond Building, 11th Floor
    Washington, D.C.  20530
    Telephone:   (202) 616-3108
    Facsimile: (202) 616-3511
    E-mail: John.Borchert@usdoj.gov

March 18, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2016, a copy of the foregoing was served by me upon counsel for the defendant:

>Asheesh Goel, Esq.
>Ropes & Gray
>191 North Wacker Drive, 32nd Floor
>Chicago, Illinois  60606
>Asheesh.Goel@ropesgray.com

>/s/
>John W. Borchert, Trial Attorney
>U.S. Department of Justice